**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

TORREY HIGHTOWER

       Plaintiff,

       vs.

MIDLAND FUNDING, LLC and
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP,

       Defendants.

)
)
)
)   No.
)
)
)
)
)   **JURY DEMAND ENDORSED HEREON**
)
)

## COMPLAINT

NOW COMES the Plaintiff, TORREY HIGHTOWER, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendants, MIDLAND FUNDING, LLC (hereinafter "Midland") and SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, LLP (hereinafter "Smith"),  Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the North Carolina Debt Collection Act (hereinafter the "NCDCA"), N.C. Gen. Stat. § 58-70, *et seq.*, and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

### JURISDICTION AND VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in Burlington, North Carolina.

4.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 75-50(1), and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5.     At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff. On the same basis, Defendant Smith acted as a "debt collector" within the meaning of N.C. Gen. Stat. § 75-50(1) and Defendant Midland acted as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-15.

6.     On information and belief, Defendant Midland, is a limited liability company of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in San Diego, California.

7.     On information and belief, Defendant Smith is a limited liability partnership of the State of North Carolina, which has its principal place of business in Raleigh, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.     On or about December 18, 2008, Plaintiff visited a branch of Bank of America (hereinafter "BOA"), and requested the current balance due for a credit card account which Plaintiff had with BOA.  BOA's representative advised Plaintiff that the current outstanding balance due on said account was $542.29, which Plaintiff immediately paid in full.

9      After Plaintiff had made full payment to BOA for the entire balance on his account, Plaintiff received a telephone call from Defendant Midland's representative. During this conversation, Midland's representative alleged that Plaintiff owed around $1,200 for the same account.

10.     Although Plaintiff no longer owed any money for said credit card account, Defendant Smith, acting as the attorneys and authorized agents of Midland, contacted Plaintiff via written correspondence. In this letter, dated June 1, 2009, Defendant Smith threatened Plaintiff with a judicial proceeding if Plaintiff did not settle the debt which he allegedly owed to Defendant Midland.

11.     Further, although Plaintiff still had no legal obligation for said credit card account, Defendant Smith sent Plaintiff another letter, dated July 1, 2009. In this letter Defendant Smith further urged Plaintiff to settle the account allegedly owed to Midland. In said letter Defendant Smith threatened Plaintiff that he could incur further interest, attorney's fees, and court costs if legal action was taken against him. In the same letter, Defendant Smith also threatened Plaintiff with the possibility of a Sheriff's execution if payment of the alleged debt was not made.

12.     All of the actions of Defendant Smith as alleged above were undertaken as the attorneys and authorized agents of Defendant Midland.

13.     In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

a.      Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

b. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e; and

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TORREY HIGHTOWER, respectfully prays for a judgment against Defendants as follows:

a. Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## <u>COUNT II</u>

(Violation of the North Carolina Debt Collection Act vs. Defendant Smith)

15.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.     In its attempts to collect the aforementioned alleged debt, Defendants violated the NCDCA in one or more of the following ways:

     a.     Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 75-54(4);

     b.     Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant Smith did not intend to take such action, in violation of N.C. Gen. Stat. § 75-51;

     c.     Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 75-51(8);

     d.     Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 75-54;

     e.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

17.     As a result of Defendant Smith's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TORREY HIGHTOWER, respectfully prays for judgment against Defendant Smith as follows:

     a.     Statutory damages of $4,000.00 for each violation of the NCDCA;

     b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

     c.     Any other relief deemed appropriate by this Honorable Court.

## COUNT III

(Violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute vs. Midland)

18.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19.     In its attempts to collect the aforementioned alleged debt, Defendant Midland violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

     a.     Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

     b.     Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant Midland did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and (6);

c.      Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

d.      Attempting to collect a debt or obtain information concerning Plaintiff by any fraudulent, deceptive or misleading representation, in violation of N.C. Gen. Stat. § 58-70-110; and

e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

20.     As a result of Defendant Midland's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TORREY HIGHTOWER, respectfully prays for judgment against Defendant Midland as follows:

a.      Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com